United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50240
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODIMIRO MURILLO-TORRES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-186-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Rodimiro Murillo-Torres appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation. He argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 41-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Murillo-Torres's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Murillo-Torres properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Murillo-Torres also contends that the sentence imposed in his case is unreasonable because the district court failed to properly weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a term of imprisonment greater than necessary to meet § 3553(a)'s objectives. After considering the § 3553(a) factors, the district court sentenced Murillo-Torres to a 41-month term of imprisonment. Murillo-Torres's sentence fell at the lowest end of his properly calculated advisory guidelines range and is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006). Murillo-Torres has failed to rebut that presumption. See id.

AFFIRMED.